[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11022

Non-Argument Calendar

_____

NAEH MEDIA GROUP LLC,
TK ENTERPRISES, INC.,

                             Plaintiffs-Appellants,

*versus*

CITY OF LAUDERHILL, FLORIDA,

                             Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61270-RKA

_____

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Two businesses located in Lauderhill, Florida, sued the City government under 42 U.S.C. § 1983 for procedural-due-process violations after the City forced them to close for tax and certification issues. The businesses alleged that the City failed to provide adequate notice or a meaningful opportunity to be heard. The district court granted summary judgment to the City, reasoning that the businesses' complaint failed to allege a City custom or policy that caused their alleged constitutional injury and that they could not amend their complaint through argument at summary judgment. Because we conclude that the complaint provided fair notice of the custom or policy on which the businesses relied at summary judgment, we vacate the judgment and remand for further proceedings.

**I.**

Plaintiffs NAEH Media Group LLC (a news publication) and TK Enterprises, Inc. (a catering company), sued the City, a "Florida municipality," under 42 U.S.C. § 1983 and state law, alleging violations of their procedural-due-process rights under the federal and Florida constitutions.

In February 2021, according to the complaint, the City, facing COVID-pandemic-related revenue shortfalls, began "blanket[ing] the municipality with notices threatening business closures if certificates of use (and associated fees paid) were not updated and

local business taxes were not paid by the offending commercial operations." On February 24, 2021, a City code enforcement officer posted a notice at Plaintiffs' shared office stating that they were "subject to immediate closure" if the certificate of use and tax violations were not corrected within 24 hours of the notice. The next day, City code- and law-enforcement officers entered Plaintiffs' office, ordered employees to depart immediately, and hired a locksmith to change the locks. The complaint continues, "[I]n its rush to increase revenue, however," the City failed to inform Plaintiffs of the notice and hearing procedures outlined in City ordinances, which required at least ten days'—not 24 hours'—advance notice, and also provided a right to a due-process hearing.

In Count I, Plaintiffs alleged that the City violated their "federal due-process rights by removing and excluding Plaintiffs from the companies' office space and business property without providing notice and an opportunity to be heard as explicitly required by Sections 12-3(c)(1), 12-33(d) and 12-7(c) of the City of Lauderhill, Florida, Code of Ordinances and implicitly demanded by the Fourteenth Amendment to the United States Constitution." Count II made the same basic claim under the Florida Constitution. The City answered the complaint and then, following discovery, moved for summary judgment. Plaintiffs filed a cross-motion for summary judgment, and the parties filed various responses and replies.

In relevant part, the City argued that summary judgment was appropriate because the complaint failed to plead a claim of

municipal liability under § 1983 and instead sought to hold the City vicariously liable for the allegedly unconstitutional conduct of its employees, which was not a valid basis for § 1983 liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The City also contended that Plaintiffs lacked a protected property interest and failed to utilize available post-deprivation procedures.

The Plaintiffs responded that a "reasonable evaluation of the Complaint demonstrates it contains sufficient factual allegations to satisfy *Monell* pleading standards," and that the other issues raised by the City did not warrant summary judgment.  Plaintiffs also argued in their own motion for summary judgment that the evidence otherwise sufficed to establish that an unofficial policy or custom of closing businesses on only 24 hours' notice, in violation of City ordinances and due process, caused their injuries.  Specifically, they cited the testimony of April Skinner, the City's Chief of Code Enforcement, who stated that Lauderhill Code Enforcement had been issuing 24-hour notices to businesses rather than providing 10 days' notice "since [she's] been working for the City of Lauderhill," which had been close to 18 years.

The district court granted summary judgment to the City. The court agreed with the City's argument that the complaint failed to adequately plead a *Monell* claim, so the court did not address the City's remaining arguments on the merits of the claims. In particular, the court found that the complaint was fatally deficient with regard to any potential *Monell* claim because it failed to "allege[] that the City caused the (purported) deprivation of the

Plaintiffs' constitutional rights in any of the three ways the Eleventh Circuit outlined in *Hoefling* [*v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016)]." Rather, in the court's view, the complaint was "expressly limited to the City's (purported) violation of the Plaintiffs' constitutional rights."

Although the district court acknowledged that Plaintiffs had presented evidence of an unofficial, 24-hour notice policy or custom at summary judgment, the court found this evidence insufficient for two reasons. First, the court stated, Plaintiffs "forfeited any such argument" by failing to present it in response to the City's motion for summary judgment, instead of its own motion for summary judgment only. And second, in the court's view, the evidence should be disregarded, in any case, "because a party cannot use its summary-judgment briefing to amend its complaint," which did not identify the alleged 24-hour notice policy or any supporting evidence.

Accordingly, the district court granted summary judgment to the City on Plaintiffs' § 1983 claim. Having resolved the sole federal claim, the court declined to exercise supplemental jurisdiction over the remaining state-law claim.

## II.

We review the grant of summary judgment *de novo*, viewing the evidence and drawing all reasonable inferences in favor of the nonmoving party. *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and

6                    Opinion of the Court               23-11022

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III.

In *Monell* and later cases, the Supreme Court held that, while local governments are subject to liability under § 1983, a plaintiff cannot rely upon the doctrine of respondeat superior, or vicarious liability, to hold the government liable. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 693–94 (1978); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). Rather, the Court has "required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Brown*, 520 U.S. at 403. This requirement is "to ensure that the municipality is held liable only for its own conduct." *Id.* at 404; *see McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004).

A plaintiff can establish the requisite degree of culpability in several ways. "A municipality can be liable for an official policy enacted by its legislative body (e.g., an ordinance or resolution passed by a city council)." *Hoefling*, 811 F.3d at 1279. "Municipal liability may also attach if final policymakers have acquiesced in a longstanding practice that constitutes the entity's standard operating procedure." *Id.*

### A.

The district court granted summary judgment to the City because it found that Plaintiffs failed to plead a *Monell* claim in the

complaint.  As a result, the court declined to consider Plaintiffs' evidence of a custom or policy at summary judgment.[1]

The federal pleading rules require "a short and plain statement of the claim," Fed. R. Civ. P. 8(a), which "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513–14 (2002).

"Despite the liberal pleading standard for civil complaints, plaintiffs may not raise new claims at the summary judgment stage." *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1200 (11th Cir. 2015) (quotation marks omitted).  The proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15, Fed. R. Civ. P.  *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

---

[1] The district court also reasoned that this argument was forfeited because Plaintiffs failed to raise it in response to the City's summary-judgment motion.  But the City's motion did not seek summary judgment for lack of sufficient evidence of a custom or policy, so Plaintiffs had no reason or obligation to raise the evidence in their response.  Plus, Plaintiffs' response clearly disputed the City's argument that the complaint failed to allege a *Monell* claim based on an alleged 24-hour-notice policy.  And as the court itself noted, Plaintiffs argued the evidence in other summary-judgment filings, to which the City had the opportunity to respond.  We see no grounds for forfeiture on these facts.

But no amendment is required if the complaint "put [the defendant] on notice" of the claim. *White*, 789 F.3d at 1200. In that regard, "[a] complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, 60 F.4th 1314, 1319 (11th Cir. 2023) (quotation marks omitted). At bottom, the complaint must identify any "basis for liability" relied on at summary judgment. *See MSP Recovery Claims*, 60 F.4th at 1319–20 (claim based on a settlement agreement was forfeited where the complaint failed to allege "that the settlement agreement served as a basis for liability"); *see also Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) (claim based on a "separate statutory basis for entitlement to leave" than alleged was not properly raised at summary judgment because it "effect[ed] a fundamental change" in the nature of the claim); *Gilmour*, 382 F.3d at 1315 ("Gates had no notice of a contract claim based on the tort claims set forth in the complaint.").

**B.**

Here, the district court erred in determining that Plaintiffs raised a new claim at summary judgment. According to the complaint, Plaintiffs sought to hold the City, a "Florida municipality," liable under § 1983 for causing the closure of their business on 24-hour notice. The complaint asserted that this conduct violated Plaintiffs' procedural-due-process rights and City ordinances, which required at least 10 days' advance notice and provided for a due-process hearing. The complaint also indicated that Plaintiffs'

alleged constitutional injury was not isolated, but rather was part of a city-wide campaign—"blanket[ing] the municipality with notices threatening business closures"—undertaken in a "rush to increase revenue" following pandemic-related budget shortfalls.

Although the complaint did not expressly cite *Monell* or use the terms "custom" or "policy," it put the City on notice that Plaintiffs sought to prove that the City itself—not simply individual actors employed by the City—was the moving force behind the alleged constitutional injury. *See Hoefling*, 811 F.3d at 1279–80; *White*, 789 F.3d at 1200. In particular, it provided notice that the basis for liability was the allegedly deficient 24-hour notice Plaintiffs and other businesses received from the City. Thus, evidence that City Code Enforcement had an unofficial 24-hour-notice custom or policy, even if it preceded the pandemic, does not present a new basis for liability. *See MSP Recovery Claims*, 60 F.4th at 1319. In other words, the evidence is better characterized as "additional facts asserted in support of the [municipal liability] claim already pled in [the] complaint," not a "fundamental change" in the nature of the claim. *Hurlbert*, 439 F.3d at 1297. In our view, no amendment of the complaint was necessary for Plaintiffs to argue this evidence at summary judgment.

Notably, if the City believed the complaint alleged vicarious liability only, which is not actionable against a municipality, *see Monell*, 436 U.S. at 693–94, it could have moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). But it didn't. Instead, the City answered the

complaint, engaged in discovery, and then moved for summary judgment. And the question at summary judgment is not whether the complaint stated a plausible claim, but whether the evidence reasonably could support a verdict for the nonmoving party on its claims. *See, e.g.*, *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020) (*en banc*).

For these reasons, we conclude that the district court erred in granting summary judgment based on perceived deficiencies in the complaint. We decline to resolve the other grounds for affirmance raised by the City, preferring that the district court address them in the first instance. *See, e.g.*, *Waldron v. Spicher*, 954 F.3d 1297, 1312 (11th Cir. 2020) (declining to resolve certain issues at summary judgment and remanding for the district court to address them "in the first instance"). Accordingly, we vacate and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**